IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>} |
| v. | } COMPLAINT<br>} |
| BENNY BOYD CHEVROLET-CHRYSLER-DODGE-JEEP, LTD., d/b/a BENNY BOYD LUBBOCK, AND BOYD-LAMESA MANAGEMENT, L.C., | }<br>}<br>}<br>} JURY TRIAL DEMANDED |
| Defendant. | }<br>}<br>} |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Randall Hurst, who was adversely affected by such practices. Specifically, Defendant discriminated against Mr. Hurst by subjecting him to a hostile work environment based on his disability, denying him a partnership because of his disability and by constructively discharging him from his employment with Defendant.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Lubbock Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Benny Boyd Chevrolet-Chrysler-Dodge-Jeep, Ltd. and Boyd-Lamesa Management, L.C., d/b/a Benny Boyd Lubbock ("Defendant"), has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. Section 12111(5), and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. Section 2000e(g) and (h).

6.     At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Randall Hurst filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Hurst, who has the impairment of multiple sclerosis, is substantially limited in his neurological function. His impairment is manifested in episodic and severe flare-ups during which he experiences severe hip and back pain, rendering him unable to control his balance. His impairment requires him to use a cane for walking. Hurst also experiences debilitating migraines and insomnia, substantially limiting his ability to sleep. Hurst is disabled as that term is defined under the ADA, as amended.

9.     Since in or about March 2012, the Defendant has engaged in conduct in violation of Sections 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by discriminating against Randall Hurst, subjecting him to a hostile work environment based on his disability. Hurst was hired by Defendant on or about November 15, 2010, to assume the position of General Manager of its car dealership in Lubbock, Texas. Randy Hobson, the General Manager of Defendant's dealerships, subjected Hurst to unwelcome demeaning comments about his multiple sclerosis. The comments were pervasive, permeating the workplace. The comments were severe, subjecting Hurst to suffer humiliation and embarrassment. The General Manager would subject Hurst to verbal harassment such as, "What's wrong with you? Are you a cripple?" and, "You are on your last quarter, buddy, since you have MS;" "You don't know your future;" and, "Sucks to be you." Hurst objected to Hobson's unwelcome conduct, but Hobson continued making the

comments about Hurst's impairment. Hobson had the power to take a tangible employment action against Hurst.  As such, Defendant was on notice of the harassment. Despite the authority, ability and responsibility of management to do so, no remedial action was taken by the employer to stop the unwelcome behavior.

    10.  Before accepting the job as General Manager for Defendant, Hurst negotiated the terms of his compensation with Defendant, which included a partnership interest, a representation on which he relied in accepting the job offer.  In May 2011, Hurst informed Defendant of his diagnosis of multiple sclerosis. Under Hurst's leadership, the Lubbock location experienced a profitable year during 2011.  Thereafter, Hurst inquired about the partnership that had been promised.  Defendant, however, failed to follow through with extending partnership status to Hurst because of his disability.  In October 2012, Hurst was informed by Defendant that he would not be made a partner because of his multiple sclerosis. As a result, Charging Party was denied an additional 20 percent of the net profits of the Lubbock dealership.

    11.  As a result of the continuing harassment based on his disability and the substantial loss of compensation as a result of the denial of partnership due to his disability, Hurst was constructively discharged from his employment in November 2012.

    12.  The effect of the practices complained of in paragraph 9, 10 and 11, above, has been to deprive Randall Hurst of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

    13.  The unlawful employment practices complained of in paragraph 9, 10 and 11, above, were intentional.

14.	The unlawful employment practices complained of in paragraphs 9, 10 and 11, above, were committed with malice or with reckless indifference to the federally protected rights of Randall Hurst.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining the Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.	Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order the Defendant to make whole Randall Hurst, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, compensatory damages, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Randall Hurst.

D.	Order the Defendant to make Randall Hurst whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to out-of-pocket medical expenses and job hunting expenses.

E.	Order the Defendant to make Randall Hurst whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 9, 10 and 11, above, including but not limited to, emotional pain, suffering,

inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F.   Order the Defendant to pay Randall Hurst punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 9, 10 and 11, above, in an amount to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel


/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

<div style="margin-left: 40%;">

/s/Devika Seth
DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2764
Fax No. (214) 253-2749

</div>