**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY | § | |
| COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Act. No.  5:13-cv-00220-C |
| | § | |
| BENNY BOYD CHEVROLET-CHRYSLER- | § | |
| DODGE-JEEP, LTD., d/b/a BENNY BOYD | § | |
| LUBBOCK, AND BOYD-LAMESA | § | |
| MANAGEMENT, L.C., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER**
**TO PLAINTIFF'S COMPLAINT**

Defendant Benny Boyd Chevrolet-Chrysler-Dodge-Jeep, Ltd. and Boyd-Lamesa Management, L.C. d/b/a Benny Boyd Lubbock ("Defendant") files this Original Answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff" or "EEOC") Complaint. Unless otherwise indicated, Defendant is without sufficient knowledge to admit or deny Plaintiff's allegations and on that basis denies each and every allegation.

**NATURE OF THE ACTION**

Defendant admits that Plaintiff brings this action on behalf of Charging Party Randall Hurst ("Charging Party") under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, but denies the remaining allegations in the unnumbered paragraph following the Nature of the Action heading of the Complaint.

## JURISDICTION AND VENUE

1.      Defendant admits Plaintiff has asserted it invokes jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  The remaining allegations contained in paragraph 1 of the Complaint constitute legal conclusions, to which no response is required.

2.      Defendant denies that it has engaged in any unlawful employment practices in the past or present, but admits that venue is proper in this judicial district.

## PARTIES

3.      The allegations contained in paragraph 3 constitute legal conclusions to which no response is required.

4.      Defendant admits the allegations in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 constitute legal conclusions to which no response is required.

6.      The allegations contained in paragraph 6 constitute legal conclusions to which no response is required.

## STATEMENT OF CLAIMS

7.      Defendant admits Charging Party filed a Charge of Discrimination with the Equal Employment Opportunity Commission, but is without sufficient knowledge to admit or deny the remaining allegations in paragraph 7, and therefore, denies same.

8.      The allegation that Charging Party is disabled as that term is defined under the ADA, as amended, constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegation.   Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 8.

9.      Defendant admits that Charging Party was hired on or about November 15, 2010 to assume the position of General Manager of its car dealership in Lubbock, Texas.   The allegation that Randy Hobson had the power to take a tangible employment action against Charging Party constitutes a legal conclusion to which no response is required.   Defendant denies the remaining allegations in paragraph 9.

10.      Defendant admits that Charging Party informed Defendant of his multiple sclerosis diagnosis in May 2011.  Defendant denies the remaining allegations in paragraph 10.

11.      Defendant denies the allegations in paragraph 11 of the Complaint.

12.      Defendant denies the allegations in paragraph 12 of the Complaint.

13.      Defendant denies the allegations in paragraph 13 of the Complaint.

14.      Defendant denies the allegations in paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the prayer for relief (paragraphs A-H) and denies that Plaintiff is entitled to any of the relief requested therein, or any other relief.

## JURY TRIAL DEMAND

Defendant admits Plaintiff has requested a jury, but denies that a jury trial is appropriate on the claims at issue.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim in whole or in part upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and/or unclean hands.

3.      Defendant pleads that all or part of the relief sought by Plaintiff is not recoverable, including any claim for attorneys' fees.

4.      Any employment actions regarding Charging Party were taken in good faith, based upon legitimate, non-discriminatory business reasons and occurred without malice or reckless indifference to his rights.

5.      Defendant asserts its entitlement to any allowable credits, deductions, or offsets against a judgment, if any, in favor of Plaintiff.

6.      Charging Party failed to take reasonable steps to adequately mitigate his alleged damages.

7.      Any and all damages claimed by Plaintiff, are subject to all statutory exclusions and limitations applicable to claims under any applicable federal statute.

8.      Plaintiff's claims for relief are barred to the extent they exceed that available under federal law.

9.      To the extent Plaintiff on behalf of Charging Party complains of actions that are outside the scope of Charging Party's administrative charge and/or complaints with various federal and state agencies, Plaintiff's claims are barred.

10.     Plaintiff has no evidence of, and cannot show that Defendant acted with actual malice or with grossly intentional, willful and/or wanton action.

11.     Plaintiff's damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

12.     Charging Party is not a qualified individual with a disability who could perform the essential functions of the job with or without a reasonable accommodation.

13.     Charging Party did not request a reasonable accommodation.

14.     Defendant made reasonable accommodations to Charging Party's alleged disability, if any.

15.     In the alternative, Defendant affirmatively pleads that the accommodations sought by Charging Party were unreasonable and/or would place an undue hardship on Defendant.

16.     In the alternative, Plaintiff's claims for compensatory and punitive damages are barred in whole or in part because Defendant engaged in an interactive dialogue about potential reasonable accommodations.

17.     Any action taken outside the course and scope of an employee's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant. Accordingly, any such actions cannot be attributed or imputed to Defendant.

18.     To the extent any employee took actions in violation of any law, which Defendant denies, Defendant did not direct, authorize, or ratify any such actions, and such actions were outside the course and scope of the employee's employment with Defendant.

19.     Any adverse employment actions taken against Charging Party would have been taken regardless of Charging Party's alleged disability and were based on standards, qualifications, and/or criteria that are job-related and consistent with business necessity.

20.     Defendant asserts Plaintiff failed to engage in the conciliation process in good faith.

21.     Plaintiff's claims are barred, in whole or in part, by its failure to comply with all conditions precedent to the filing of this action.

22.     Any and all damages claimed by Plaintiff, whether compensatory, actual, equitable, attorneys' fees or otherwise, are subject to all statutory exclusions and limitations applicable to claims under the ADA.

23.     Defendant has an equal employment opportunity policy that prohibits disability discrimination and Defendant has made good faith efforts to comply with all federal and state civil rights laws.

24.     Defendant asserts that it has taken reasonable care to prevent or correct promptly any harassing or discriminatory behavior.

25.     Defendant engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any state or federal law, and therefore, Plaintiff fails to state a claim for punitive damages.

26.     Defendant pleads all limitations on an award for the amount of exemplary damages.

27.     Defendant claims its entitlement to recover attorneys' fees and costs of suit.

28.     Defendant retains the right to add any other and further defenses and affirmative defenses upon conducting discovery and in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

## PRAYER

WHEREFORE, Defendant prays Plaintiff take nothing by its claims; that Plaintiff's claims against Defendant be dismissed with prejudice and Defendant be awarded its

attorneys' fees and costs incurred herein; that the Court enter final judgment in its favor; and that

the Court award such other and further relief to which Defendant may be entitled.

Respectfully submitted,

By:     */s/ Julie C. Tower*_____
        Michael J. DePonte
        State Bar No. 24001392
        depontem@jacksonlewis.com
        Julie C. Tower
        State Bar No. 24070756
        julie.tower@jacksonlewis.com
        JACKSON LEWIS LLP
        111 Congress Ave., Suite 1300
        Austin, Texas 78701
        PH:  512.362.7100
        FX:  512.362.5574

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on November 26, 2013 a true and correct copy of the foregoing document was electronically filed with the clerk for the U.S. District Court, Northern District of Texas using the electronic case filing system and a copy was forwarded via ECF notice to the following attorneys of record:

Robert A. Canino
Toby W. Costas
Devika Seth
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
PH: (214) 253-2764
FX: (214) 253-2749

_/s/ Julie C. Tower_____
Julie C. Tower

4820-0155-6247, v.  1

**DEFENDANT'S ORIGINAL ANSWER
TO PLAINTIFF'S COMPLAINT**                                                    **Page 8**